Argued September 14, reversed October 14, 1964

# EDISON *v.* INTERSTATE TRACTOR AND EQUIPMENT CO.
### 395 P. 2d 779

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Levin & Wilson, and Donald R. Wilson, Portland.

*Robert H. Hollister,* Portland, argued the cause for respondent. With him on the brief were Hollister & Thomas and Raymond J. Conboy, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

This is an action for personal injuries. Plaintiff appeals from a judgment n.o.v. entered after a verdict in plaintiff's favor. The issue is, therefore, factual and requires a resumé of the facts.

For several years prior to the accident about to be described plaintiff had been the owner and operator of a large mobile crane mounted on a truck. In 1958, while plaintiff was operating the crane, a part of the crane designated as the center pin broke or became loose. It is not clear from the record the exact nature of the default. The center pin was actually more in the nature of a shaft of steel on which the base of the cab of the crane was mounted. Its purpose was to support the cab and crane. Originally, the center pin was secured to the crane with a large castellated nut. It was this large castellated nut that broke off and came loose from the center pin in 1958.

At that time plaintiff took his crane to defendant for repair. Defendant was then the agent and distributor of the make of crane owned by plaintiff. The testimony as to what took place when plaintiff took his crane to defendant's place of business in 1958 was in direct conflict. Plaintiff testified that he asked defendant's shop foreman to install a new center pin and nut and that defendant's employees insisted that it would be just as good to weld the two parts together; and that welding was then the recognized way of repair. Defendant's witnesses testified that it was at plaintiff's request that the parts were welded. We are

required, of course, to accept plaintiff's evidence as true.

The parts were welded. Later, in 1959, while plaintiff was using his crane to lift some large gasoline tanks, the castellated nut broke from the center pin. The crane fell causing plaintiff's injuries complained of. Plaintiff's action has been upon the theory as expressed in his brief that:

> "* * * that defendant, which holds itself out as an expert in the business of repairing cranes of this kind and giving technical advice regarding them * * * failed to advise plaintiff that the welding of the center nut bolt was unsafe and improper and in fact advised him that it was as good as new * * *."

Plaintiff alleged that this conduct was negligent.

It was substantially conceded by defendant, and there was expert testimony to prove, that the total strength of the welded parts was only 60 percent of the strength of the center pin when it was secured by the castellated nut. That must be accepted as a fact.

Defendant contended that the weight of the tank plaintiff was lifting when the accident occurred was too great for the size of the crane and that plaintiff was negligent in attempting to lift and move the tank. The evidence in respect to the weight of the tank and of the ability of plaintiff's crane to move the tank was in conflict and must be resolved in plaintiff's favor. Plaintiff testified that if the center pin had been properly repaired that the lifting of too heavy a load would cause the rigging of the crane to break before the center pin would fail.

All of the evidence, viewed in the light most favorable to plaintiff, would prove: 1. The welding of the

center pin and nut was not the correct way to repair the 1958 failure; 2. Defendant's employees insisted upon that form of repair; 3. That the center pin, if correctly repaired, would not have ruptured at the time in question; 4. Plaintiff's injuries resulted from defendant's failure to properly advise the plaintiff and to properly repair the crane.

■ Our review of the record convinces us that the sharp conflicts in the testimony in respect to the crucial issues of the case required jury determination. We do not agree with defendant, and with the able trial judge, that plaintiff was obliged to prove that the weld itself was faulty to enable him to recover. As before stated, it was acknowledged that the total strength of the center pin and castellated nut when welded together was materially weaker than when the center pin was secured by a threaded castellated nut assembled in the proper manner. In fact, defendant alleged that plaintiff was guilty of negligence in not knowing this. It was for the jury to decide from the conflicting testimony whether plaintiff had demanded this form of repair or if it were done at the insistence of defendant's responsible employees.

It follows that the judgment must be reversed and the jury verdict reinstated.

Reversed.